UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SHANE C., | Case No. 2:24-cv-00064-NJK |
| Plaintiff(s), | **ORDER** |
| v. | [Docket No. 18] |
| MARTIN O'MALLEY, | |
| Defendant(s). | |

Pending before the Court is a stipulation to award Plaintiff $4,200 in attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"). Docket No. 18.

Fees awarded under the EAJA are determined based on the lodestar approach, except that the hourly rates are capped unless the Court in its discretion determines otherwise. *See Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012); *see also* 28 U.S.C. § 2412(d)(2)(A).[1]  Supporting the hourly rate for lodestar purposes requires the presentation of evidence "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). The Ninth Circuit has held that "rate determinations in other cases

---

[1] Plaintiff resists judicial oversight despite seeking judicial approval of the fee request. *See* Docket No. 18-1 at 11-13. While Plaintiff notes an unpublished Ninth Circuit order, *see id.* at 11-12, the duty to review an unopposed fee request is consistent with published Ninth Circuit authority, *see Gates v. Deukmejian*, 987 F.2d 1392, 1401 (9th Cir. 1992); *see also Gwarduri v. I.N.S.*, 362 F.3d 1144, 1147 (9th Cir. 2004), as well as the governing rules, *see* Local Rule 7-2(d). Moreover, the Court is unpersuaded by Plaintiff's citation to Supreme Court precedent. The Supreme Court has indeed indicated that in "many cases parties are able to resolve by stipulation a claim for fees under the EAJA." *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 155 (1990). But the Supreme Court also explained in that same decision that "no award of fees is 'automatic'" and that "a district court *will always retain substantial discretion in fixing the amount of an EAJA award*. Exorbitant, unfounded, or procedurally defective fee applications—like any other improper position that may unreasonably protract proceedings—are matters that the district court can recognize and discount." *Id.* at 163 (emphasis added)). This precedent plainly does not foreclose judicial review of the reasonableness of a stipulated fee award. *See, e.g.*, *Bradley V. v. Kijakazi*, 2021 WL 4554108, at *2-3 (S.D. Cal. Oct. 4, 2021).

[in that community], particularly those setting a rate for the [specific] attorney[s]" at issue, provide satisfactory evidence as to the prevailing hourly rate. *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

In this case, the bulk of lawyering services were performed by attorney Matthew F. Holmberg, *see* Docket No. 18-4 at 1, an attorney with five to six years of experience, *see* Docket No. 18-1 at 15. Although counsel have available to them scores of rate determinations in other social security cases from this District,[2] the stipulation does not identify any such rate determinations made as to these attorneys or as to comparable attorneys.[3] The papers also fail to provide information as to the experience of the particular paralegals at issue. *See id.* This is not some "rigorous extraction," *see* Docket No. 18-1 at 12, but rather should be information easily provided by counsel.

Accordingly, the stipulation for fees is **DENIED** without prejudice. A renewed stipulation must be filed by September 5, 2024.

IT IS SO ORDERED

Dated: August 22, 2024

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] The ECF system reflects that Attorney Kalagian has been involved in more than 500 cases in this District.

[3] The stipulation instead relies on more generic means to support rates, but those means are plainly lacking. *See, e.g.*, Docket No. 18-3 at 7-8 (*Laffey* matrix), *but see, e.g.*, *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010) (affirming rejection of the *Laffey* matrix).